

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
## for the
### MIDDLE DISTRICT OF PENNSYLVANIA

JUAN RINCON-RINCON )
*Petitioner* )
)
v. ) Case No. 4:21-cv-0579
) *(Supplied by Clerk of Court)*
)
ERIC BRADLEY, Warden )
)
*Respondent*
*(name of warden or authorized person having custody of petitioner)*

FILED SCRANTON
MAR 30 2021
PER _____
DEPUTY CLERK

### PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

**Personal Information**

1. (a) Your full name: Juan Roberto Rincon-Rincon
   (b) Other names you have used: N/A
2. Place of confinement:
   (a) Name of institution: U.S. Penitentiary Canaan
   (b) Address: P.O. Box 300
   Waymart, Pennsylvania 18472
   (c) Your identification number: 01996-379
3. Are you currently being held on orders by:
   ☒ Federal authorities ☐ State authorities ☐ Other - explain:

4. Are you currently:
   ☐ A pretrial detainee (waiting for trial on criminal charges)
   ☒ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
   If you are currently serving a sentence, provide:
   (a) Name and location of court that sentenced you: U.S. District Court - Southern District of Texas, Brownsville, Texas
   (b) Docket number of criminal case: 1:12-CR-0005-001
   (c) Date of sentencing: May 14, 2013
   ☐ Being held on an immigration charge
   ☐ Other *(explain):*

## Decision or Action You Are Challenging

5. What are you challenging in this petition:

    ☒ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

    ☐ Pretrial detention

    ☐ Immigration detention

    ☐ Detainer

    ☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

    ☐ Disciplinary proceedings

    ☐ Other *(explain)*: _____

6. Provide more information about the decision or action you are challenging:

    (a) Name and location of the agency or court: __Federal Bureau of Prisons - USP Canaan, Waymart, Pennsylvania.__

    (b) Docket number, case number, or opinion number: __Admin Remedy No. 997267-A1__

    (c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*: __Custody classification decision.__

    (d) Date of the decision or action: __March 23, 2020__

## Your Earlier Challenges of the Decision or Action

7. First appeal

    Did you appeal the decision, file a grievance, or seek an administrative remedy?

    ☒ Yes      ☐ No

    (a) If "Yes," provide:

    (1) Name of the authority, agency, or court: __FBOP__

    (2) Date of filing: __Initiated on 10-23-2019__

    (3) Docket number, case number, or opinion number: __997267__

    (4) Result: __Denied__

    (5) Date of result: __Final denial on March 23, 2020__

    (6) Issues raised: __Petitioner was erroneously classified by the BOP with a Special Supervision assignment under the BOP's Central Inmate Monitoring classification system.__

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

_____

(b) If you answered "No," explain why you did not appeal: _____

8. Second appeal

After the first appeal, did you file a second appeal to a higher authority, agency, or court?

☐ Yes   ☒ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: N/A

(2) Date of filing: _____
(3) Docket number, case number, or opinion number: _____
(4) Result: _____
(5) Date of result: _____
(6) Issues raised: _____

(b) If you answered "No," explain why you did not file a second appeal: **Exhausted Remedies**

9. Third appeal

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

☐ Yes   ☐ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: N/A

(2) Date of filing: _____
(3) Docket number, case number, or opinion number: _____
(4) Result: _____
(5) Date of result: _____
(6) Issues raised: _____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

> Please see copy of Petitioner's Administrative Remedy Requests and BOP Responses, attached hereto as Exhibit A.

(b) If you answered "No," explain why you did not file a third appeal:   N/A

10. **Motion under 28 U.S.C. § 2255**

    In this petition, are you challenging the validity of your conviction or sentence as imposed?

    ☐ Yes      ☒ No

    If "Yes," answer the following:

    (a) Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

    ☐ Yes      ☐ No

    If "Yes," provide:
    (1) Name of court:
    (2) Case number:
    (3) Date of filing:
    (4) Result:
    (5) Date of result:
    (6) Issues raised:

    (b) Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

    ☐ Yes      ☒ No

    If "Yes," provide:
    (1) Name of court:
    (2) Case number:
    (3) Date of filing:
    (4) Result:
    (5) Date of result:
    (6) Issues raised:

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(c) Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence: <u>The present pleading challenges only the administration of Petitioner's sentence.</u>

11. Appeals of immigration proceedings

Does this case concern immigration proceedings?

☐ Yes   ☒ No

If "Yes," provide:

(a) Date you were taken into immigration custody: _____

(b) Date of the removal or reinstatement order: _____

(c) Did you file an appeal with the Board of Immigration Appeals?

☐ Yes   ☐ No

If "Yes," provide:

(1) Date of filing: _____
(2) Case number: _____
(3) Result: _____
(4) Date of result: _____
(5) Issues raised: _____

(d) Did you appeal the decision to the United States Court of Appeals?

☐ Yes   ☐ No

If "Yes," provide:

(1) Name of court: N/A
(2) Date of filing: _____
(3) Case number: _____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

    (4) Result: _____

    (5) Date of result: _____

    (6) Issues raised: _____

12. **Other appeals**

    Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

    ☐ Yes    ☒ No

    If "Yes," provide:

    (a) Kind of petition, motion, or application: _____

    (b) Name of the authority, agency, or court: _____

    (c) Date of filing: _____

    (d) Docket number, case number, or opinion number: _____

    (e) Result: _____

    (f) Date of result: _____

    (g) Issues raised: _____

### Grounds for Your Challenge in This Petition

13. State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

    GROUND ONE: <u>The BOP erroneously classified Petitioner as a Special Supervision case under the BOP's Central Inmate Monitoring system in violation of established policy and thus creating for Petitioner an atypical and significant hardship</u> in relation to the ordinary incidents of prison life.

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

The BOP classified Petitioner as a "Special Supervision" case pursuant to Program Statement 5180.05.7(g) of the BOP's Central Inmate Monitoring ("CIM") system. However, Petitioner does not meet the criteria established by P5180.05.7(g) for such classification, and thus the classification is erroneous and must be removed.          PLEASE SEE ATTACHMENT PAGE

(b) Did you present Ground One in all appeals that were available to you?
☒ Yes         ☐ No

GROUND TWO:    N/A

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Two in all appeals that were available to you?
☐ Yes         ☐ No

GROUND THREE:    N/A

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Three in all appeals that were available to you?
☐ Yes         ☐ No

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

GROUND FOUR: N/A

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Four in all appeals that were available to you?
☐ Yes ☐ No

14. If there are any grounds that you did not present in all appeals that were available to you, explain why you did not: N/A

## Request for Relief

15. State exactly what you want the court to do: Petitioner respectfully requests that the Court instruct the BOP to remove the Special Supervision assignment.

Rincon-Rincon, Juan Roberto
Reg. No. 01996-379

## 28 U.S.C. § 2241 Attachment

In 2019, Petitioner was notified by staff at USP Canaan that he had been classified as Special Supervision case under P5180.05.7(g) of the BOP's Central Inmate Monitoring system. P5180.05.7(g) states:

> 7(g) Special Supervision—Inmates who require special management attention, but who do not ordinarily warrant assignment in paragraphs (a) through (f) of this section. For example, this assignment may include an inmate with a background in law enforcement or an inmate who has been involved in a hostage situation. Others may include those who are members of a terrorist group with a potential for violence.

Petitioner does not meet any of the criterion listed above. Indeed, he is a non-violent drug offender serving a federal sentence for conspiracy to possess with intent to distribute five (5) kilograms or more of cocaine and 1,000 kilograms of marijuana and for importing these substances. His circumstances do not even <u>resemble</u> those envisoned above. Thus, the BOP erred in classifying Petitioner as a Special Supervision case.

At first blush, it may seem implausible that an inmate has standing to quibble with a BOP custody classification decision. But a CIM assignment of Special Supervison is not a run-of-the-mill custody assignment. Indeed, the assignment carries with it a plethora of onerous privations that typical federal inmates are not subjected to, such as extraordinary delays in sending and receiving mail, including electronic mail and even legal mail; placement in a facility far from his sentencing region; and a categorical preclusion from placement in a lower security federal facility, which itself precludes Petitioner's participation in certain rehabilitative programs. In other words, the Special Supervision assignment presents an atypical

Page 1 of 2

and significant hardship in relation to the ordinary incidents of prison life. See e.g., Sandin v. Conner, 515 U.S. 472 (1995). What is more, Petitioner was afforded no due process prior to his classification as a Special Supervision case.

Based on the above, Petitioner prays that this Honorable Court will issue and order instructing the BOP to remove Petitioner from Special Supervison status so that he can serve his sentence in the same manner as all other similarly situated federal inmates.

Respectfully submitted,

_____
Juan Rincon-Rincon

Date: 03/25/2021

Juan Roberto Rincon-Rincon
Reg. No. 01966-379
United States Penitentiary Canaan
P.O. Box 300
Waymart, PA 18472

"LEGAL - MAIL"

RECEIVED
SCRANTON
MAR 30 2021
PER _____
DEPUTY CLERK

Office of the Clerk
United States District Court
Middle District of Pennsylvania
235 North Washington Avenue
P.O. Box 1148
Scranton, Pennsylvania
18501-1148

