BDB:RDE:cmg

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JUAN ROBERTO RINCON-RINCON,** : | | No. 4:21-CV-579 |
| Petitioner : | | |
| : | | |
| v. : | | (Arbuckle, M.J.) |
| : | | |
| **ERIC BRADLEY,** : | | |
| Respondent : | | (Electronically Filed) |

## RESPONSE TO PETITION
## FOR WRIT OF HABEAS CORPUS

Respondent, Eric Bradley, of the United States Penitentiary (USP Canaan) in Waymart, Pennsylvania, respectfully responds to the 28 U.S.C. § 2241 petition for writ of habeas corpus filed by Juan Roberto Rincon-Rincon. As explained below, the Court should dismiss Rincon-Rincon's petition for lack of subject matter jurisdiction. Alternatively, Respondent requests this Court to dismiss Rincon-Rincon's petition because there is no actual case or controversy.

### I.      Procedural History

Rincon-Rincon filed this habeas petition on March 30, 2020, with the United States District Court for the District of Pennsylvania alleging "he was "erroneously" classified as "Special Supervision" under the Federal Bureau of Prison's (BOP) Central Inmate Monitoring (CIM) without justification." (Doc. 1, Pet. at 4 and 9.)

Rincon-Rincon claims this classification has resulted in mailing delays, categorical exclusion from a transfer to a lower security institution, and excludes participation in unidentified, rehabilitative programming. (*Id.* at 11.) On March 30, 2021, this Court directed Respondent to file an answer within twenty-one days of It's Order. (Doc. 5, Order.) Respondent submits this response in accordance with the Court's Order.

## II.  Factual History

Rincon-Rincon is currently designated to the United States Penitentiary in Waymart, Pennsylvania (USP Canaan) serving a life term of imprisonment for violations of 21 U.S.C. §§ 846 and 841(a)(1) and § 841(b)(1)(A), Conspiracy to Possess with Intent to Distribute a Quantity Exceeding Five (50 kilograms of Cocaine and 1,000 Kilograms of Marijuana, and 21 U.S.C. §§ 952(a), 960(a)(1) and (b)(1) and 963, Conspiracy to Import from Mexico into the United States a Quantity Exceeding Five (5) Kilograms of Cocaine and 1,000 Kilograms of Marijuana, imposed by the United States District Court for the Southern District of Texas. (Exhibit A, Declaration of Jonathan Kerr ¶ 1; Attach. 1, Public Information, Inmate Data.)

The BOP monitors and controls the transfer, temporary release (e.g., on writ), and community activities of certain inmates who present special needs for management. (Ex. A ¶ 2.) Such inmates, known as CIM cases, require a higher level

of review which may include Central Office and/or Regional Office clearance for transfers, temporary releases, or community activities. (*Id.* ¶ 2.) When the inmate is otherwise eligible, this monitoring does not preclude a CIM case from such activities. (*Id.*; 28 C.F.R. § 524.70; and, BOP Program Statement 5180.05, *Central Inmate Monitoring System.*) CIMs is a process through which the BOP monitors inmates who require special supervision or separation from other inmates for a variety of reasons, including gang affiliation. (*Id.*; 28 C.F.R. § 524.70 et seq.) For security reasons, inmates are notified of their CIMs status, but not given specific information which may compromise the safety of other inmates or staff, or reveal intelligence gathering methods. (*Id.* ¶¶ 3-4.)

> 28 C.F.R. § 524.72 (g), *Special Supervision*, provides:
>
> Inmates who require special management attention, but who do not ordinarily warrant assignment in paragraphs (a) through (f) of this section. For example, this assignment may include an inmate with a background in law enforcement or an inmate who has been involved in a hostage situation. Others may include those who are members of a terrorist group with a potential for violence.

A Special Supervision assignment may be made only upon the authorization of a Regional Director or the Assistant Director, Correctional Programs Division. (*Id.* ¶ 5; 28 C.F.R. § 524.73.) This assignment is periodically reviewed at each of Petitioner's Program Reviews in accordance with 28 C.F.R. § 524.75. (*Id.*) Again, here, the Special Supervision CIM assignment applied to Petitioner is not connected to any privilege restriction, enhanced communication monitoring, program

3

restriction, or any other condition of confinement he is otherwise eligible for. Petitioner is scored as a HIGH security inmate with or without the Special Supervision CIM assignment, and is otherwise not appropriate for transfer to a lesser security facility. (*Id.* ¶¶ 6-7.)

### III. Questions Presented[1]

A. Whethert the Court should dismiss Rincon-Rincon's petition for lack of subject matter jurisdiction?

B. Whether the Court should dismiss Rincon-Rincon's petition because there is no live case or controversy connected to the CIM assignment?

### IV. Argument

**A. The Court should dismiss Rincon-Rincon's petition for lack of subject matter jurisdiction.**

"The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws . . . of the United States . . . ." § 2241(c)(3). "[T]he language of § 2241(c)(3) and . . . the common-law history of the writ, [demonstrate] that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Thus, the Supreme Court has clarified that unless a petitioner seeks to

---

[1] Should the Court find that it does have subject matter jurisdiction over Rincon-Rincon's petition, Respondent respectfully requests that he be afforded the ability to supplement this response in order to address the merits of Rincon-Rincon's claims.

4

terminate, accelerate release from, or reduce his level of custody, habeas relief is not available. *See Skinner v. Switzer*, 562 U.S. 521, 534 (2011). The Third Circuit has followed this understanding of the Great Writ:

> [W]henever [a petition] ultimately attacks the 'core of habeas' —the validity of the continued conviction or the fact or length of the sentence—a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under [another basis] is appropriate.

*Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002).

However, writs of habeas corpus can also attack the "execution" of a prisoner's sentence. *Woodall v. BOP*, 432 F.3d 235, 241 (3d Cir. 2005). That is, in certain circumstances, a prisoner can challenge how his sentence is being "put into effect" or "carr[ied] out." *Id.* (quoting *Webster's Third New Int'l Dictionary* 794 (1993)). In *Woodall*, a prisoner disputed BOP regulations that categorically prohibited his transfer from prison to a community corrections center ("CCC"). *Id.* at 237. The *Woodall* Court found that Woodall properly challenged his sentence "execution" by a habeas petition under § 2241. *Id.* at 241-44.

Woodall's petition was cognizable because "[c]arrying out a sentence through detention in a CCC is very different from carrying out a sentence in an ordinary penal institution." *Id.* at 243. In other words, it was a "quantum change in the level of custody." *See Wilkinson v. Dotson*, 544 U.S. 74, 86 (2005) (Scalia, J., concurring)

5

(quoting *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991)). However, the *Woodall* Court was explicit that "placement in a CCC represents more than a simple transfer" and that habeas relief would not lie for "a challenge to, for example, a garden variety prison transfer." *Woodall*, 432 F.3d at 243. Rincon-Rincon, however, is not seeking to terminate, accelerate release from, or reduce his level of custody. Rather, he is challenging certain conditions (*e.g.*, mail, program participation) that he erroneously attributes to his CIM assignment.

"[P]risoners have no constitutional right to a particular classification." *Briley v. Attorney Gen. U.S.*, 632 F. Appx. 84, 85 (3d Cir. 2016). Challenges to program eligibility, security designation, and custody classification "do not challenge the basic fact or duration of [Petitioner's] imprisonment, which is the 'essence of habeas.'" *Cohen v. Lappin*, 402 F. Appx. 674, 676 (3d Cir. 2010) (per curiam) (*quoting Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). "Congress has given federal prison officials full discretion to control these conditions of confinement, 18 U.S.C. § 4081, and petitioner has no legitimate statutory or constitutional entitlement sufficient to invoke due process." *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976). *See also Levi v. Ebbert*, 353 F. App'x 681, 682 (3d Cir. 2009) (per curiam) ("[P]risoners have no constitutional right to a particular classification."). Therefore, the Court lacks jurisdiction under § 2241.

Even if the Court interpreted the petition as claiming that Rincon-Rincon's CIM assignment is preventing a transfer from a United States Petitionary, still the Court would not have jurisdiction. Pursuant to § 3621(b), the BOP "shall designate the place of the prisoner's imprisonment." Congress conferred exclusive authority to the BOP to choose a prisoner's place of imprisonment under § 3621(b). *See Setser v. United States*, 566 U.S. 231, 239-40 (2012). Section 601 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5237, amended § 3621(b) by, *inter alia*, explicitly barring judicial review of the BOP's prison facility designations. The final sentence of § 3621(b) now reads: "Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court." Thus, "courts are explicitly prohibited from intervening in the [BOP's] . . . determination on that topic." *United States v. West*, No. 2:18-cr-48, 2020 WL 1082638, at *2 (D.N.J. Mar. 6, 2020). Accordingly, the Court does not have subject matter jurisdiction over this petition and it must be dismissed.

**B.   Alternatively, the Court should dismiss Rincon-Rincon's petition because there is no case or controversy.**

Additionally, there is no live case or controversy connected to the CIM assignment. Article III of the Constitution limits judicial power of the United States to the adjudication of cases or controversies. *Pittsburgh Mack Sales & Services, Inc. v. International Union of Operating Engineers, Local Union No. 66*, 580 F.3d 185, 190 (3d Cir. 2009). There is no actual case or controversy here because Rincon-

Rincon challenges the supposed impacts of his CIM assignment, but such assignment has not resulted in any privilege restriction, enhanced communication monitoring, program restriction, or any other condition of confinement he is otherwise eligible for. Instead, Petitioner is scored as a HIGH security inmate irrespective of his Special Supervision CIM assignment, and is otherwise not appropriate for transfer to a lesser security facility. Ex. A ¶ 6.

## V.   Conclusion

For the above-stated reasons, Respondent requests this Court to dismiss Rincon-Rincon's habeas petition for lack of subject matter jurisdiction. Alternatively, Respondent requests this Court to dismiss Rincon-Rincon's petition because there is no case or controversy.

            Respectfully submitted,

            BRUCE D. BRANDLER
            Acting United States Attorney

            /s/Richard D. Euliss
            Richard D. Euliss
            Assistant U.S. Attorney
            DC 999166
            Cristina M. Guthrie
            Paralegal Specialist
            228 Walnut Street
            Harrisburg, PA 17101
            Telephone:  (717)-221-4482
            Facsimile:  (717)-221-2246
Dated: April 27, 2021        Richard.D.Euliss@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JUAN ROBERTO RINCON-RINCON,** : | No. 4:21-CV-579 |
| Petitioner : | |
| : | |
| v. : | (Arbuckle, M.J.) |
| : | |
| **ERIC BRADLEY,** : | |
| Respondent : | (Electronically Filed) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers. That on April 27, 2021, she served one copy of the attached

## RESPONSE TO PETITION
## FOR WRIT OF HABEAS CORPUS

by placing said copy in a postpaid envelope addressed to the person(s) hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania:

**Addressee:**
Juan Roberto Rincon-Rincon
Reg. No: 01996-379
U.S.P. Canaan
P.O. Box 300
Waymart, PA 18472

/s/ Susan Melendez
Susan Melendez
Financial Technician